# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

EMILIO ESTEVEZ, an individual,

             Plaintiff,

    v.

SAMANTHA POWER, ADMINISTRATOR OF THE
UNITED STATES AGENCY FOR INTERNATIONAL
DEVELOPMNET Ronald Reagan Building and
International Trade Center 1300 Pennsylvania Ave., NW
Washington DC 20004,

             Defendants.

CASE NO.:  2:23-cv-00846-RFB-VCF

**FIRST AMENDED COMPLAINT**

**JURY DEMAND**

**Serve:**

**ATTN**: Leila El Gohary
Executive Secretary, Office of the
Administrator United States Agency for
International Development
1300 Pennsylvania Ave., NW
Washington, DC 20004

Jason M. Frierson
United States Attorney for the District of
Nevada
501 South Las Vegas Boulevard Suite 1100
Las Vegas, NV 89101

The Honorable Merrick Garland
United States Attorney General
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

United States Department of State
**ATTN**: Designeee for Service
2201 C. Street NW
HST, Room 6421
Washington, DC 20520

Foreign Service Grievance Board
**ATTN**: Katherine Kaetzer-Hodson,
Executive Secretary
Suite 3100S, SA-15
Washington, DC 20522-1531

## FIRST AMENDED COMPLAINT

1.        Plaintiff EMILIO ESTEVEZ, through counsel, Philip J. Trenchak, Esq., of the Law Offices of Philip J. Trenchak, Esq., A Professional Corporation, sues Defendant United States Agency for International Development under the Rehabilitation Act; the Civil Service Reform Act of 1978, as amended, 5 U.S.C. § 2302(b)(9); and the Foreign Service Act of 1980, as amended, 22 U.S.C. §§ 3905(b), 4131(a)(1)(F), and says:

## INTRODUCTION

2.        This action is for declaratory and equitable relief, as well as compensatory and all available damages, to redress retaliation and discrimination in employment, including terms and conditions, incidents and privileges of employment pursuant to The Rehabilitation Act, as amended; the Civil Service Reform Act of 1978, 5 U.S.C. § 2302(b)(9), as amended; and the Foreign Service Act of 1980, 22 U.S.C. §§ 3905(b), 4131(a)(1)(F), as amended, against Defendant.

## JURISDICTION AND VENUE

3.        This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. § 1331 because this is an action arising under the laws of the United States, the Civil Service Reform Act of 1978 ("CSRA"), 5 U.S.C. § 2302(b)(9), as amended; and the Foreign Service Act of 1980 ("FSA"), 22 U.S.C. §§ 3905(b), 4131(a)(1)(F), as amended, and the Rehabilitation Act, as Amended.

4.        This Court also has jurisdiction over the subject matter of this Complaint pursuant to the FSA's express statement of jurisdiction, 22 U.S.C. § 4140.

5.        Venue in this district is appropriate pursuant to 28 U.S.C. § 1391(e), because a substantial portion of the events or omissions giving rise to the claims occurred in this district.

///

///

2

**PARTIES**

6.      Emilio Estevez is a natural person who is a resident of the State of Nevada.

7.      From the early 1980's through to the present, Mr. Estevez has served in various posts working for the Federal Government and most recently at the United States Agency for International Development ("USAID").

8.      Mr. Estevez has a confirmed disability suffered during his service to this country, and resulting reasonable accommodation, who is over the age of forty (40).

9.      Defendant USAID is an agency within the executive branch of the United States Government and its principal office is located at the Ronald Reagan Building and International Trade Center in Washington, DC. Created in 1961 under the Kennedy Administration, USAID is the primary international development arm of the United States Government. USAID also undertakes humanitarian efforts worldwide.

10.     This Court has personal jurisdiction over Defendant because USAID operates within the geographic jurisdiction of this Court and conducts substantial business within the geographic jurisdiction of this Court.

**FACTS COMMON TO ALL COUNTS**

**Background of Emilio Estevez & Reasonable Accommodation Approval**

11.     Mr. Estevez began his career as a Marine in the 1980's.

12.     Mr. Estevez has primarily devoted his adult life to diligently working to protect the citizens of the United States as a member of USAID.

13.     Mr. Estevez decided to pursue his dream of a career in international development by joining USAID.

14.     In February of 2022, Mr. Estevez had a Reasonable Accommodation approved for his Post Traumatic Stress Syndrome which manifests in physical symptoms of frequent painful debilitating migraine headaches.

15.     Mr. Estevez agreed upon Reasonable Accommodation was approved by and through negotiations with Employee Relations.

///

3

**USAID Officials Conspire to Remove Mr. Estevez**

16.    Due to Mr. Estevez' physical disability, Mr. Estevez requires time periods wherein he is able to engage in physical activity to assist him in relieving headaches, and other symptoms of Post Traumatic Stress Disorder.

17.    On September 16, 2022, Mr. Estevez' Supervisor expressed extreme frustration when Mr. Estevez was unavailable for a short period of time during the day while Mr. Estevez was engaging in the physical activity required as part of his pre-approved reasonable accommodation.

18.    Mr. Estevez explained to his supervisor that this was part of the reasonable accommodation that had been approved for Mr. Estevez.

19.    On September 16, 2022, Mr. Estevez was told by his direct supervisor, "If it's not one thing with you it's the other."

20.    Mr. Estevez was forced to take his own personal leave time and was told to "Resign or retire" by December 31, 2022.

21.    Mr. Estevez has took a position making less money due to this discriminatory action taken by his Supervisor and Employee Relations was complicit in the discriminatory behavior in forcing him to take a position with less pay and while forcing Mr. Estevez to use his own personal leave time.

22.    Mr. Estevez was forced to retire on or about December 31, 2022.

23.    Mr. Estevez Filed a Grievance Alleging Retaliation for Protected Activity and Discrimination based upon age and disability discrimination.

## ADMINISTRATIVE EXHAUSTION

24.    Mr. Estevez exhausted all administrative remedies that are a prerequisite to this lawsuit.

25.    Mr. Estevez timely filed an EEO complaint but has opted to file directly with Federal District Court given the ADEA component of Mr. Estevez' allegations.

26.    A Final Agency Decision in *Emilio Estevez v. Samantha Power, Administrator, U.S. Agency for International Development*, Agency Case No. OCRD-009-23-F has been attached and is dated August 29, 2023. Please see attached Exhibit 1.

27.    The Correspondences with the EEOC were not provided attached to the initial complaint because an Age Discrimination claim exists and therefore a final Determination from the EEOC was not necessary.

28.    Plaintiff sent notice to the EEOC that a formal investigation would be waived due to the Age claims contained within the EEOC Charge. Please see attached Exhibit 2.

## COUNT I: UNLAWFUL RETALIATION BASED ON PRIOR PROTECTED ACTIVITY IN VIOLATION OF 22 U.S.C. § 3905(b)

29.    All of the preceding paragraphs and allegations are incorporated herein as if the same were set forth in full in this Count.

30.    Mr. Estevez has complied with FSA procedure for obtaining judicial review of the final action of the FSGB in accordance with 22 U.S.C. § 4140.

31.    Mr. Estevez undertook the following protected activities: Mr. Estevez obtained a reasonable accommodation and thereafter filed an EEOC Charge in September of 2022 alleging discrimination based upon age and disability.

32.    In addition, Mr. Estevez was also proposed for removal prior to the filing of the 2022 EEO Charge, against which he asserted in part the allegations contained in his grievance.

33.    The retaliatory officials include his Supervisor and Employee Relations who had actual or constructive knowledge of Mr. Estevez' protected activity.

34.    Based on the knowledge of the aforementioned, USAID undertook a material adverse or prohibited personnel action through its prevention of Mr. Estevez obtaining a substantially similar reassignment or appointment to a position due to his prior protected activity.

35.    USAID unlawfully retaliated against Mr. Estevez for engaging in protected activity in violation of the FSA, 22 U.S.C. § 3905(b)(4).

36.    That is, under the FSA, USAID failed to ensure that the workplace was "free from any prohibited personnel practice by section 2302 of Title 5[]"(citing the CSRA).

37.    USAID likewise failed to prevent Mr. Estevez' career from being ruined by the false allegations that Mr. Estevez' reasonable accommodations were causing problems for his Supervisor.

38.    USAID unlawfully retaliated against Mr. Estevez for engaging in a protected activity in violation of the FSA, and there is a causal connection, or genuine nexus, between Mr. Estevez' protected activity and the adverse personnel action by USAID.

39.    As a direct and proximate result of USAID's retaliation, Mr. Estevez suffered, and continues to suffer injury from loss of income and benefits of employment, other past and future pecuniary losses.

40.    He also suffered, and continues to suffer, emotional pain, anguish, loss of enjoyment of life, and other nonpecuniary losses and injury.

41.    The aforementioned acts of USAID were willful, reckless, and malicious acts of unlawful retaliation against Mr. Estevez were a direct result of the discrimination suffered by USAID.

42.    USAID's acts of retaliation were, and are, in violation of the FSA, 22 U.S.C. § 3905(b).

43.    The retaliatory treatment by USAID employees towards Mr. Estevez caused tangible harm to Mr. Estevez in that they affected the terms, conditions, and privileges of his employment.

44.    Mr. Estevez suffered adverse actions by USAID after he engaged in protected activities, and the adverse actions were caused by his engagement in the grievance process and his opposition to USAID's discriminatory practices.

45.    Mr. Estevez also suffered insult, embarrassment and other damages as a direct and proximate result of USAID's actions.

46.    Mr. Estevez has additionally incurred litigation expenses relating to this action, which include attorney's fees, and he seeks consequential damages and all available damages.

## COUNT II: UNLAWFUL DISCRIMINATION BASED ON VIOLATION OF THE ADEA IN VIOLATION OF 29 U.S.C. § 623(a)

47.    All of the preceding paragraphs and allegations are incorporated herein as if the same were set forth in full in this Count.

48.    USAID unlawfully discriminated against Mr. Estevez on the bases of his age in violation of 29 U.S.C. § 623(a).

49.    Mr. Estevez is part of a protected class under the ADEA because Mr. Estevez is over the age of forty (40).

50.     Mr. Estevez was a successful Federal Employee before the events that effectively tarnished his career forever and have forced him to take a pay cut and to work additional years to be able to afford retirement.

51.     Mr. Estevez had no difficulty completing assignments, and was a respected member of USAID.

52.     Mr. Estevez was treated disparately from those outside of his protected class.

53.     A hostile work environment existed wherein Plaintiff's age made him a target for unlawful discrimination.

54.     Plaintiff is a member of a protected class being over the age of (40) forty years.

55.     USAID singled out Mr. Estevez in forcing him to "Resign or Retire" by December 31, 2022 and to use his own personal time off in violation of all policies and guidelines which have been established to protect older and disabled employees against precisely this type of discrimination and retaliation in Federal Employment.

56.     Individuals not of this protected class were not singled out and forced to retire.

57.     As a direct and proximate result of USAID's discrimination based upon Age and disability, Mr. Estevez suffered, and continues to suffer injury from loss of income and benefits of employment, and other past and future pecuniary losses.

58.     Mr. Estevez also suffered, and continues to suffer, emotional pain, anguish, loss of enjoyment of life, and other nonpecuniary losses and injury.

59.     The aforementioned acts of USAID were willful, reckless, and malicious acts of unlawful discrimination and retaliation against Mr. Estevez that were, and are, based on Mr. Estevez' aforementioned Reasonable Accommodation and retaliatory subsequent discrimination by USAID.

60.     The discriminatory treatment by USAID employees towards Mr. Estevez caused tangible harm to Mr. Estevez in that they affected the terms, conditions, and privileges of his employment.

61.     Mr. Estevez suffered adverse actions by USAID after he engaged in protected activities, and the adverse actions were caused by his engagement in the grievance process and his opposition to USAID's discriminatory practices.

62.     Mr. Estevez also suffered insult, embarrassment and other damages as a direct and proximate result of USAID's actions.

63.     Mr. Estevez has additionally incurred litigation expenses relating to this action, which include attorney's fees, and he seeks consequential damages and all available damages under law.

## COUNT III DISPARATE TREATMENT DISCRIMINATION IN VIOLATION OF SECTION 501 OF THE REHABILITATION ACT

64.     Mr. Estevez incorporates all prior paragraphs by reference as set forth in this Complaint.

65.     Defendant violated § 501 of the Rehabilitation Act, 29 U.S.C. § 791, et seq., and its implementing regulations, 29 C.F.R. § 1614.203, which mandate that federal agency employers, such as USAID, not discriminate against qualified individuals and applicants on the basis of disability in employment practices.

66.     During all relevant times, Mr. Estevez was a qualified individual, able, and willing to perform his job duties, either with reasonable accommodation or without reasonable accommodation.

67.     Defendant fired Mr. Estevez due to his disability.

68.     As a result of Defendant's discriminatory conduct, Emilio has suffered and continues to suffer damages.

69.     Mr. Estevez has additionally incurred litigation expenses relating to this action, which include attorney's fees, and he seeks consequential damages and all available damages.

## COUNT IV: RETALIATION IN VIOLATION OF SECTION 501 OF THE REHABILITATION ACT 113

70.     Mr. Estevez incorporates all prior paragraphs by reference as set forth in this Complaint.

71.     In the alternative or in addition, Emilio was fired in retaliation for requesting reasonable accommodation for his disability.

72.     In the alternative or in addition, Emilio was fired in retaliation for requesting reasonable accommodation for his disability.

73.     By firing Mr. Estevez in direct retaliation for engaging in conduct which was part of Mr. Estevez' prior approved reasonable accommodation request, therefore, Defendant violated § 501 of the Rehabilitation Act, 29 U.S.C. § 791, et seq., and its implementing regulations, 29 C.F.R. § 1614.203.

74.     During all relevant times, Emilio was qualified, able, and willing to perform his job duties, either with reasonable accommodation or without reasonable accommodation.

75.     Defendant fired Plaintiff because he was exercising his rights pursuant to his reasonable accommodation, which was the exercise of a protected right under the Rehabilitation Act.

76.     As a result of Defendant's retaliatory conduct, Emilio has suffered and continues to suffer damages, including but not limited to, loss of wages and contribution to his federal retirement.

77.     Mr. Estevez has additionally incurred litigation expenses relating to this action, which include attorney's fees, and he seeks consequential damages and all available damages.

## COUNT V: DEFENDANT VIOLATED § 504 OF THE REHABILITATION ACT BY ENDING ITS CONTRACT WITH EMILIO BASED ON HIS DISABILITY

78.     Mr. Estevez incorporates all prior paragraphs by reference as set forth in this Complaint.

79.     In the alternative or in addition, even if it is found that Mr. Estevez was not an employee of USAID, Defendant is still liable for terminating his contract based on his disability under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq., and its implementing regulations.

80.     During all relevant times, Mr. Estevez was qualified, able, and willing to perform his job duties, either with reasonable accommodation or without reasonable accommodation.

81.     Defendant fired Mr. Estevez due to his disability.

82.     As a result of Defendant's discriminatory conduct, Mr. Estevez has suffered and continues to suffer damages.

83.     Mr. Estevez has additionally incurred litigation expenses relating to this action, which include attorney's fees, and he seeks consequential damages and all available damages.

## COUNT VI: DEFENDANT VIOLATED § 504 OF THE REHABILITATION ACT BY REFUSING TO ACCOMMODATE EMILIO'S DISABILITY AND ENDING ITS CONTRACT WITH HIM IN RETALIATION FOR REQUEST FOR ACCOMMODATION

84.     Emilio incorporates all prior paragraphs by reference as set forth in this Complaint.

85.     In the alternative or in addition, even if it is found that Mr. Estevez was not an employee of USAID and that he was fired in retaliation for his request for reasonable accommodation, Defendant is

still liable under § 504 of the Rehabilitation Act, 29 U.S.C. § 794, et seq., and its implementing regulations.

86.    During all relevant times, Mr. Estevez was qualified, able, and willing to perform his job duties, either with reasonable accommodation or without reasonable accommodation.

87.    Defendant fired Mr. Estevez due to his disability.

88.    As a result of Defendant's discriminatory conduct, Mr. Estevez has suffered and continues to suffer damages.

89.    Mr. Estevez has additionally incurred litigation expenses relating to this action, which include attorney's fees, and he seeks consequential damages and all available damages.

///
///
///
///
///

**PRAYER FOR RELIEF**

WHEREFORE, Emilio Estevez prays for the following relief:

a.   Mr. Estevez should be made financially whole and compensated for the loss of his personal time off that Mr. Estevez was forced to utilize;

b.   That he is promoted one class and one grade, the position he would have been in had he been permitted to remain;

c.   Retract the demotion which is a blight on the Federal Employment record of Mr. Estevez;

d.   Appropriate leadership and professional training be instituted with USAID to mitigate any further damage to persons similarly situated;

e.   Compensatory damages;

f.   All remedies available under law; and,

g.   All attorneys' fees and costs incurred in pursuing this matter.

DATED this 30th day of November, 2023.

Respectfully Submitted,

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**

/s/ Philip J. Trenchak
Philip J. Trenchak, Esq.
Nevada Bar No. 009924
Mullins & Trenchak, Attorneys at Law
1614 S. Maryland Parkway
Las Vegas, NV 89104

11

## JURY TRIAL DEMAND

Pursuant to FRCP 38, Plaintiff hereby demands a trial by jury of all issues of fact and law raised by the allegations in this Complaint.

DATED this 30th day of November, 2023.


Respectfully Submitted,

**MULLINS & TRENCHAK, ATTORNEYS AT LAW**


/s/ Philip J. Trenchak
Philip J. Trenchak, Esq.
Nevada Bar No. 009924
Mullins & Trenchak, Attorneys at Law
1614 S. Maryland Parkway
Las Vegas, NV 89104

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of November, 2023, a true and correct copy of the foregoing

First Amended Complaint, was electronically filed and served via the courts electronic filing system and

served to all parties on the service list and specifically to:

James Frierson, Esq.
Nevada Bar No. 7709
Assistant United States Attorney
501 Las Vegas Blvd. So., Ste. 1100
Las Vegas, NV 89101
Virginia.Tomoyva@usdoj.gov

/s/ Philip J. Trenchak
Employee of Mullins & Trenchak, Attorneys at Law

13

**<u>Table of Exhibits</u>**

**<u>Exhibit 1</u>**
Final Agency Decision

**<u>Exhibit 2</u>**
Notification of Intent to Bypass Formal EEO Complaint

# **Exhibit 1**
# Final Agency Decision



**Sent via Email**

August 29, 2023

Emilio Estevez - Complainant
estevez90250@yahoo.com

Philip Trenchak – Complainant's Representative
phil@mullinstrenchak.com

Philip J. Trenchak, Esq.
Mullins & Trenchak, Attorneys at Law
1614 S. Maryland Pkwy.
Las Vegas, NV 89104

Subject:    Final Agency Decision (Procedural Dismissal) in *Emilio Estevez v. Samantha Power, Administrator, U.S. Agency for International Development*, Agency Case No. OCRD-009-23-F

Dear Mr. Trenchak:

After careful review and analysis of your client's Equal Employment Opportunity (EEO) complaint and Report of Investigation (ROI), the U.S. Agency for International Development (USAID or Agency) is taking final action on this complaint by issuing this Final Agency Decision (FAD). This FAD dismisses the complaint of your client, Emilio Estevez (hereinafter, "Complainant") because Complainant filed the same claims in United States District Court.

     **I.**      **Statement of the Claims**

Whether Complainant was subjected to disparate treatment and harassment on the bases of age and disability when:

1. On September 16, 2022, Complainant's supervisor made a critical statement concerning Complainant's disability; and

2. On December 31, 2022, Complainant was forced to take a position at a lower grade due to the intolerable work environment.

     **II.**     **Procedural History**

Complainant made initial contact with the Office of Civil Rights (OCR) regarding the above-stated claims on October 31, 2022. The EEO Counselor issued Complainant the EEO Counselor's Report and Complainant's Notice of Right to File a Formal Complaint on December

Final Agency Decision – Emilio Estevez – OCRD-009-23-F

15, 2022.  Complainant filed this formal complaint on December 29, 2022.  Complainant's claims were accepted by the Agency in a letter dated February 13, 2023, pursuant to the Equal Employment Opportunity Commission's (EEOC's) regulations found in Title 29, Code of Federal Regulations, Part 1614. (Exhibits A, B, C)

The Agency ordered a formal investigation of the complaint on March 10, 2023, which was completed on May 15, 2023. On that date, the Agency transmitted the completed ROI to Complainant, which included a Notice of Rights. This Notice provided that Complainant could either request a hearing before the EEOC, or seek a FAD by the Agency.  Complainant failed to respond to the Notice.  Thus, this FAD is issued in accordance with 29 C.F.R. § 1614.110(b). (Exhibit H-1)

### III.    **Statement of Facts**

On March 11, 2023, Complainant, through his attorney, informed the Agency, through the investigator in this case, that he would not participate in the Agency investigation and that he intended on filing these claims in United States District Court.  On May 30, 2023, Complainant filed a complaint in the United States District Court for the District of Nevada (Case No. 2:2023cv00846) putting forth the same claims as alleged in the instant complaint.  The complaint is currently pending before a United States District Court Judge. (Exhibit H-4)

### IV.    **Legal Authorities**

The Agency shall dismiss a complaint that is the basis of a pending civil action in a United States District Court in which the complainant is a party provided that at least 180 days have passed since the filing of the administrative complaint, or that was the basis of a civil action decided by a United States District Court in which the complainant was a party. 29 C.F.R §1614.107(a)(3).

### V.    *__Legal Analysis__*

The claims in the instant complaint are duplicated in a complaint currently pending before a United States District Court Judge in the United States District Court for the District of Nevada (Case No. 2:2023cv00846).  More than 180 days have passed since Complainant filed the instant complaint.  Therefore, the Agency is obligated under 29 C.F.R §1614.107(a)(3) to dismiss the complaint in its entirety.

### VI.    **Statement of Conclusions**

The complaint is DISMISSED under 29 C.F.R §1614.107(a)(3).

### VII.    **Statement of Relief**

Because Complainant has not prevailed, no relief is appropriate.

Final Agency Decision – Emilio Estevez – OCRD-009-23-F

<u>**Appeal Rights**</u>

If you are dissatisfied with the FAD where there has been no hearing, you may appeal the FAD to the Office of Federal Operations (OFO) of the EEOC within 30 calendar days of receipt of the FAD. To file your appeal, you should use the attached EEOC Form 573, Notice of Appeal/Petition. You may file your appeal with EEOC online by using the EEOC Public Portal at https://publicportal.eeoc.gov/Portal/Login.aspx.

**The EEOC is encouraging agencies and complainants to submit documents and communicate via the Public Portal/FedSEP.** For more information on how to file an appeal, go to https://www.eeoc.gov/federal/fed_employees/appeal.cfm.

You must send a copy of the appeal and supporting documents to OCR. In addition, you must provide proof to the OFO that you have sent a copy of the appeal and any supporting documentation to OCR. Please address all correspondence to OCR at EEOcomplaints@usaid.gov. **Until further notice, OCR is unable to accept submissions via hand-delivery, mail, or fax.**

<u>**Right to File a Civil Action**</u>

In addition, you have the right to file a civil action in an appropriate U.S. District Court:

- Within 90 calendar days of receipt of a final decision if no appeal has been filed;

- After the expiration of 180 calendar days from the date on which you filed the original formal complaint if you have not amended the complaint, agreed to an extension, filed an appeal, or the Agency has not issued a FAD on the complaint;

- Within 90 calendar days from the date of receipt of the decision from the OFO if you initially chose to file an appeal with the OFO; or

- After 180 calendar days of the date on which you filed an appeal with the OFO if you have not received a decision on the appeal.

You may file a civil action within two (2) years, or if the violation is willful, within three (3) years of the date of an alleged violation of the Equal Pay Act, regardless of whether you pursued any administrative complaint process.

Should you decide to file a civil action, you must name the Agency head as the defendant and provide her official title. The Agency head is Samantha Power, Administrator, U.S. Agency for International Development. Failure to provide the name or official title of the Agency head may result in dismissal of the case. A civil action may be filed through legal counsel. However, if you decide to file a civil action under Title VII or under the Rehabilitation Act, and do not have an attorney at that time or cannot afford the services of an attorney, you may take this notice to the U.S. District Court, which may, in its discretion, appoint an attorney. Also, in its discretion, the Court may permit you to file the action without payment of fees, costs, or other security.

Final Agency Decision – Emilio Estevez – OCRD-009-23-F

Filing a request for an attorney does not extend the time limits set forth above for filing a civil action. You must file both the request and the civil action within 90 calendar days of the date you receive the final decision from the Agency or the EEOC.

Sincerely,

*Liza Almo*

Liza Almo
Acting Director
Office of Civil Rights

Enclosure: EEOC Form 573, Notice of Appeal/Petition

4

Final Agency Decision – Emilio Estevez – OCRD-009-23-F

## CERTIFICATE OF SERVICE

For timeliness purposes, it shall be presumed that the parties received the foregoing on the date indicated above if sent via email.  I certify that the foregoing Final Agency Decision was provided to the following:


Emilio Estevez - Complainant
estevez90250@yahoo.com

Philip Trenchak – Complainant's Representative
phil@mullinstrenchak.com

# **Exhibit 2**
## Notification of Intent to Bypass Formal EEO Complaint

**Mullins & Trenchak, Attorneys at Law**
1614 S. Maryland Pkwy.
Las Vegas, NV 89104
phil@mullinstrenchak.com

PH: (702) 778-9444                                                    Fax: (702) 778-9449

January 24, 2023

Office of the U.S. Equal Employment Opportunity Commission
333 S Las Vegas Blvd. #8112
Las Vegas, NV 89101
(800) 669-4000
**SENT VIA FACSIMILE ONLY AT (702) 388-5094**

RE:  NOTIFICATION OF INTENT TO BYPASS FORMAL EEO COMPLAINT AND FILE A
LAW SUIT IN FEDERAL COURT CASE OF EMILIO J. ESTEVEZ JR. -vs- The UNITED
STATES AGENCY FOR INTERNATIONAL DEVELOPMENT (USAID)

Dear Sir or Madam,

Mr. Emilio J. Estevez Jr., filed an EEO complaint with the United States Agency for
International Development (USAID) on October 26, 2022 claiming discrimination on the basis
of age, 63 years and disability, chronic migraines form injuries suffered while on active duty
with the United States Marine Corps. See Attached EEO Counseling Contact Form.   The case
was assigned to an Equal Employment Opportunity (EEO) counselor for an informal review and
the case was not able to be resolved informally so Mr. Estevez received a right to file a formal
complaint to the EEOC. See Notice of Right to File a Formal Complaint of Discrimination.

Since the complaint involves age discrimination, we are informing the EEOC Commission that
Mr. Estevez will bypass the formal EEOC complaint and file a law suit in federal court no earlier
than 30 days form the date the EEOC Commission receives this notification.

We appreciate any guidance or instructions from the Commission as how to best proceed. Thank
you in advance for your understanding, guidance and support!

Sincerely,

Philip J. Trenchak, Esq.

cc:    Client
Enclosures: as stated



OFFICE OF CIVIL RIGHTS
**EEO Counseling Contact Form**

*This form is used for and by EEO Counselors and other EEO personnel who meet with individuals wishing to enter the EEO process or gather more information on the process. OCR will retain this form for tracking and reporting purposes. This form is not to be shared with management. Questions about this form should be directed to the EEO Specialist at EEOcomplaints@usaid.gov. Submit the contact form to OCR no later than two (2) days from the date of contact.*

| EEO CONTACT DATE | DATE ENTERED INTO COUNSELING | EEO CONTACT PERSON |
|---|---|---|
| | | |

**AGGRIEVED PERSON'S INFORMATION**

| NAME OF AGGRIEVED *(Print – Last, First, Middle Initial)* | JOB TITLE | PAY PLAN/SERIES/GRADE |
|---|---|---|
| ESTEVEZ, Emilio Jesus | Program Analyst | GS-15 |

HOME ADDRESS
2921 STERLING COVE DRIVE
LAS VEGAS, NV 89128

| WORK TELEPHONE | 571-216-4541 |
|---|---|
| HOME TELEPHONE | n/A cell 310-770-5681 |
| WORK EMAIL ADDRESS | eestevez @ usaid. gov |

US CITIZEN ☒ YES ☐ NO

PERSONAL EMAIL ADDRESS esteve290.250@ yahoo. com

IS THE AGGRIEVED PERSON A(N) ☒ EMPLOYEE ☐ APPLICANT ☐ FOREIGN SERVICE NATIONAL
☐ CONTRACTOR *(SPECIFY):*
☐ OTHER GOVERNMENT AGENCY *(SPECIFY):*
☐ OTHER *(SPECIFY):*

DATE OF THE ALLEGED DISCRIMINATORY INCIDENT: 09/16/2022

BASIS OF COMPLAINT *(Identify specific race, color, religion, national origin, disability, sexual orientation, age, sex, genetic information or reprisal if alleged)*

☐ RACE:               ☐ COLOR:               ☐ SEX (including pregnancy and gender identity):

☒ AGE DATE OF BIRTH: 05-18-1969    ☐ NATIONAL ORIGIN:

☐ RELIGION:           DISABILITY
                      ☐ MENTAL:
                      ☒ PHYSICAL: chronic Migraines

☐ SEXUAL ORIENTATION:    ☐ GENETIC INFORMATION:

☐ REPRISAL *(note if it is previous EEO activity or opposing a discriminatory policy or practice):*
☐ NO BASIS IDENTIFIED:
☐ NON-EEO BASIS IDENTIFIED *(Marital Status, Parental Status, etc.):*

COMPLAINT *(Give a brief description of the complaint):*
My supervisor, Soniya Mitra, caused much emotional distress on Sep 16, 2022 when during a video call she told me that "If it is not one thing with you its another." This is after I explained that the reason I had not replied to her immediately was because part of my treatment is for me to exercise.

TYPE OF CONTACT: ☒ PHONE ☐ EMAIL ☐ IN-PERSON  Video call

HAS THE AGGRIEVED PERSON CONTACTED ANY OTHER OFFICE? ☐ YES ☒ NO *(IF YES PLEASE CHECK ALL THAT APPLY)*
☐ EMPLOYEE AND LABOR RELATIONS DIVISION OF HR ☐ UNION OFFICE ☐ MSPB ☐ OSC ☐ OTHER AGENCY

OUTCOME OF DISCUSSION

☐ INDIVIDUAL IS CONSIDERING OPTIONS *FOLLOW UP NEEDED FROM OCR*
☒ INDIVIDUAL WANTS TO FILE A COMPLAINT/BE ASSIGNED TO A COUNSELOR
☐ INDIVIDUAL IS SEEKING INFORMATION ABOUT THE AGENCY ALTERNATIVE DISPUTE RESOLUTION (ADR) PROCESS
☐ INDIVIDUAL DOES NOT WISH TO OFFICIALLY BEGIN THE EEO COMPLAINT PROCESS AT THIS TIME



**OFFICE OF CIVIL RIGHTS AND DIVERSITY**
*NOTICE OF RIGHT TO FILE A FORMAL COMPLAINT OF DISCRIMINATION*

| DATE: | TO: (AGGRIEVED) | FROM: (EEO COUNSELOR) |
|---|---|---|
| 12/14/2022 | ESTEVEZ, Emilio J | Dr. Osagie C. Aimiuwu |

This Notice of Right to File a Formal Complaint of Discrimination (Notice) is to inform you that I have concluded my inquiry into your allegations of discrimination. During this counseling period, the following allegations were brought to my attention, in my role as your EEO counselor. *A more detailed description of your allegations will be included in the EEO Counselor's Report, a copy of which you will be provided by the Office of Civil Rights (OCR), should you file a formal complaint.*

PRECISE DESCRIPTION OF THE ISSUE(S) COUNSELED *(Framed claim to include ALL basis, issue, and date on which everything occurred.)*

The aggrieved complained that his supervisor, Soniya Mitra, discriminated against him based on his age (63 years old) and physical disability (chronic migraines) on September 16, 2022, during a video call. In that call, she told him that "if it is not one thing with you, it is another" which caused him much emotional distress and physical pain. He reported that as this was a culmination of several such incidences, he requested to be reassigned from her team, and in the process, he had to accept a lower grade, Grade13 Step 10 position from his previous grade of 14 Step 6 position. Issues brought to my attention during counselling were Pay cut, Reassignment, and Other (Emotional distress).

Because the matter, cited above, has not been resolved, you are now entitled to file a formal discrimination complaint.

If you decide to file a formal complaint, it must be submitted in writing and preferably on the attached Formal Discrimination Complaint Form **within fifteen (15) calendar days** after you receive this Notice.

You may file your complaint in person, mail, or email to the following EEO official authorized to receive formal discrimination complaints:

> Director
> USAID, Office of Civil Rights and Diversity
> Ronald Reagan Bldg., Room. 5.08C
> Washington, DC 20523-4100
> EEOcomplaints@usaid.gov

**You may NOT submit your Formal Complaint to me (the EEO Counselor), as I am not authorized to receive it on behalf of OCRD.**

Your complaint must be specific and be limited to only those matters that you have discussed with me or are claim(s) that are like or related to the issues discussed. You must also state if you have filed a grievance under a negotiated grievance procedure or have an appeal before the Merit Systems Protection Board (MSPB) on the same claims.

If you retain an attorney or representative, you must immediately notice the Director of OCRD in writing of the name, address, and telephone number of the individual. You can do this via the Designation of Representation form which I have attached.

You and/or your representative will receive written notification of receipt of your formal complaint by OCRD. In addition, you must keep the Director of OCRD informed of your current address and telephone number. Failure to do so could result in the dismissal of your complaint.

Attachments: 1. Formal Discrimination Complaint Form; 2. Designation of Representation Form

Please sign below to acknowledge that you have read and received this form.

| NAME OF THE AGGRIEVED PERSON: |
|---|
| Emilio Jesus Estevez Jr. |

| SIGNATURE OF THE AGGRIEVED PERSON: | DATE: |
|---|---|
| Emilio J Estevez JR (affiliate) <br> Digitally signed by Emilio J Estevez JR (affiliate) Date: 2022.12.14 10:36:32 -05'00' | 12/14/2022 |

USAID Notice of Right to File

USAID Notice of Right to File

# TRANSACTION REPORT

FAX(TX)                                    JAN/24/2023/TUE 10:55 PM

| # | DATE | START T. | RECEIVER | COM.TIME | PAGE | TYPE/NOTE | | FILE |
|---|------|----------|----------|----------|------|-----------|---|------|
| 001 | JAN/24 | 10:54PM | 7023885094 | 0:01:06 | 5 | MEMORY    OK | SG3 | 1922 |

## Mullins & Trenchak, Attorneys at Law
### 1614 S. Maryland Pkwy.
### Las Vegas, NV 89104
### phil@mullinstrenchak.com

PH: (702) 778-9444                                           Fax: (702) 778-9449

January 24, 2023

Office of the U.S. Equal Employment Opportunity Commission
333 S Las Vegas Blvd, #8112
Las Vegas, NV 89101
(800) 669-4000

**SENT VIA FACSIMILE ONLY AT (702) 388-5094**

RE: NOTIFICATION OF INTENT TO BYPASS FORMAL EEO COMPLAINT AND FILE A
LAW SUIT IN FEDERAL COURT CASE OF EMILIO J. ESTEVEZ JR. -vs- The UNITED
STATES AGENCY FOR INTERNATIONAL DEVELOPMENT (USAID)

Dear Sir or Madam,

Mr. Emilio J. Estevez Jr., filed an EEO complaint with the United States Agency for
International Development (USAID) on October 26, 2022 claiming discrimination on the basis
of age, 63 years and disability, chronic migraines form injuries suffered while on active duty
with the United States Marine Corps. See Attached EEO Counseling Contact Form. The case
was assigned to an Equal Employment Opportunity (EEO) counselor for an informal review and
the case was not able to be resolved informally so Mr. Estevez received a right to file a formal
complaint to the EEOC. See Notice of Right to File a Formal Complaint of Discrimination.

Since the complaint involves age discrimination, we are informing the EEOC Commission that
Mr. Estevez will bypass the formal EEOC complaint and file a law suit in federal court no earlier
than 30 days form the date the EEOC Commission receives this notification.

We appreciate any guidance or instructions from the Commission as how to best proceed. Thank
you in advance for your understanding, guidance and support!

Sincerely,

Philip J. Trenchak, Esq.

cc:    Client

Enclosures: as stated