**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| EMILIO ESTEVEZ, | Case No. 2:23-cv-00846-RFB-VCF |
| Plaintiff, | **ORDER** |
| v. | |
| SAMANTHA POWER, *et al.*, | |
| Defendants. | |

Before the Court is the Motion to Dismiss (ECF No. 21) of Defendant Samantha Power, Administrator of the U.S. Agency for International Development ("USAID").[1] For the reasons below, the motion is granted in part and denied in part.

## I.   FACTUAL ALLEGATIONS

The following allegations are taken from the First Amended Complaint.

In the 1980s, Plaintiff Emilio Estevez began a career in federal service as a U.S. Marine. Subsequently, he joined USAID. In February 2022, Mr. Estevez had a Reasonable Accommodation ("the Accommodation") approved Employee Relations for his post-traumatic stress, which manifests as painful, debilitating migraines. The Accommodation involved Mr. Estevez taking time during the workday to engage in physical activity. Mr. Estevez is over 40 years of age. On September 16, 2022, Mr. Estevez's supervisor expressed frustration with Mr. Estevez's unavailability that day when he was undertaking physical activity per the Accommodation. Mr. Estevez explained his absence was due to the Accommodation. That day, he was told by his supervisor that "If it's not one thing with your it's the other." Mr. Estevez was

---

[1] While the original Complaint also named Jason Frierson, Merrick Garland, the United States Department of State, and Katherine Kaetzer-Hodson, only Administrator Power remains.

forced by his supervisor and Employee Relations to take personal leave and was told to either resign or retire by December 31, 2022. He retired on December 31, 2022, and took a position making less money.

## II.   PROCEDURAL HISTORY

On May 30, 2023, Mr. Estevez filed the original Complaint. ECF No. 1. He brought claims stemming from alleged age and disability discrimination against Administrator Powers and several other defendants. Id. Summons were returned executed on August 17, 2023. ECF Nos. 14, 15. On November 16, 2023, Administrator Power and the other Defendants filed the first motion to dismiss. ECF No. 18. Rather than respond, on December 14, 2023, Plaintiff filed a First Amended Complaint ("FAC") by right.[2] ECF No. 19. On December 14, 2023, the remaining defendant, Administrator Power, filed the second and instant Motion to Dismiss. ECF No. 21. Following multiple extensions, the motion was fully briefed on June 17, 2024. ECF Nos. 34, 42; see also ECF Nos. 24, 28, 35, 36, 40. The Court's Order follows.

## III.   LEGAL STANDARDS[3]

An initial pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, "[a]ll well-pleaded allegations of material fact in the complaint are accepted

---

[2] Federal Rule of Civil Procedure 15 allows a party to amend their pleading once as a matter of course within 21 days of a responsive motion to dismiss. Given the filing of the First Amended Complaint, the Court finds the first Motion to Dismiss (ECF No. 18) is mooted and will deny it in the conclusion of this Order.

[3] Administrator Power seeks dismissal of the FAC under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Her 12(b)(1) argument is premised on Mr. Estevez's failure to exhaust his Rehabilitation Act claims. While the Ninth Circuit previously held that a federal employee's "substantial compliance" with the administrative complaint process is a requirement for exhaustion that precludes district court jurisdiction, Sommatino v. United States, 255 F.3d 704, 708 (9th Cir. 2001), the Supreme Court explained recently that "Title VII's charge-filing requirement" which is incorporated into the Rehabilitation Act, "is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the authority of courts," Fort Bend Cty. v. Davis, 587 U.S. 541, 551 (2019). Therefore, the Court reviews this claim under 12(b)(6).

1   as true and are construed in the light most favorable to the non-moving party." <u>Faulkner v. ADT</u>

2   <u>Sec. Services, Inc.</u>, 706 F.3d 1017, 1019 (9th Cir. 2013) (citations omitted).

3        To survive a motion to dismiss, a complaint need not contain "detailed factual

4   allegations," but it must do more than assert "labels and conclusions" or "a formulaic recitation

5   of the elements of a cause of action[.]" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell</u>

6   <u>Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). In other words, a claim will not be

7   dismissed if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is

8   plausible on its face," meaning that the court can reasonably infer "that the defendant is liable for

9   the misconduct alleged." <u>Id.</u> at 678 (internal quotation and citation omitted). The Ninth Circuit,

10   in elaborating on the pleading standard described in <u>Twombly</u> and <u>Iqbal</u>, has held that for a

11   complaint to survive dismissal, the plaintiff must allege non-conclusory facts that, together with

12   reasonable inferences from those facts, are "plausibly suggestive of a claim entitling the plaintiff

13   to relief." <u>Moss v. U.S. Secret Service</u>, 572 F.3d 962, 969 (9th Cir. 2009).

### IV.   DISCUSSION

16        The Court now turns to the merits of the motion. Plaintiff brings his claims under the

17   Rehabilitation Act ("RA"), 29 U.S.C. § 791, *et seq.*, the Foreign Service Act ("FSA"), 22 U.S.C.

18   § 3901, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 624, *et*

19   *seq.* The FAC brings six claims under these statutes: (Count I) Unlawful Retaliation under the

20   FSA; (Count II) Unlawful Age Discrimination under the ADEA; (Count III) Disparate Treatment

21   under RA § 501; (Count IV) Relation under RA § 501; (Count V) Wrongful Termination of a

22   Contract under RA § 504; (Count VI) Refusal to Accommodate and Termination of a Contract

23   under RA § 504. Administrator Powers argues each count should be dismissed.

#### A.  Count I: Unlawful Retaliation under the FSA

25        Mr. Estevez brings his first claim under the FSA. The relevant portion of the FSA

26   provides that "members of the Service" must be "free from discrimination on the basis of . . . age

27   [or] disability[.]" 22 U.S.C. § 3905(b). Within the FSA, "Service" refers to "the Foreign Service

28   of the United States." § 3902(11). There is no dispute that USAID is an independent agency not

part of the Foreign Service (i.e., the diplomatic corps of the U.S. government under the State Department). Further, his response to the motion, Mr. Estevez agreed to "voluntarily withdraw the claim." For the foregoing reasons, the Court finds that Count I must be dismissed for plaintiff's failure to plead an essential element.

### B. Count II: Unlawful Age Discrimination under the ADEA

Mr. Estevez's second claim is brought under the ADEA. Mr. Estevez argues he was treated differently from other USAID employees who were not at least 40 years of age because those employees were not forced to retire. Administrator Power argues that Mr. Estevez only provides a recital of the elements without factual support, such as age-related comments.

The ADEA prohibits an employer from, among other things, discharging an employee who is over forty years of age because of the employee's age. 29 U.S.C. 623(a). Under a disparate treatment theory of discrimination, a plaintiff in an ADEA case can establish age discrimination based on either (1) circumstantial evidence of age discrimination or (2) direct evidence of age discrimination. Sheppard v. David Evans and Assoc., 694 F.3d 1045, 1049 (9th Cir. 2012). An employee may clear a challenge under 12(b)(6) by pleading a *prima facie* case under the burden shifting framework laid out in McDonnell Douglas Corp. v. Green. 411 U.S. 792 (1973). To do so, a plaintiff must allege (1) they were at least forty years old; (2) performing their job satisfactorily; (3) were discharged; and (4) either replaced by a substantially younger employee with equal or inferior qualifications or discharged under circumstances otherwise giving rise to an inference of age discrimination. Sheppard, 694 F.3d at 1049. "An inference of discrimination can be established . . . by showing that others not in [one's] protected class were treated more favorably." Diaz v. Eagle Produce Ltd. P'ship, 521 F.3d 1201, 1207 (9th Cir. 2008). However, McDonnell Douglas is an evidentiary standard not a pleading standard, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). While a plaintiff may "survive a motion to dismiss" by pleading to that standard, it is "not required" that they do so. Sheppard, 694 F.3d at 1050 n.2 (citing Swierkiewicz, 534 U.S. at 510). At the least, a plaintiff must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Swierkiewicz, 534 U.S. at 512 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also Achal v. Gate Gourmet,

Inc., 114 F. Supp. 3d 781, 796-97 (N.D. Cal. 2015) (outlining the practice in this circuit).

The Court finds that Mr. Estevez has pleaded sufficient facts to show a *prima facie* case under McDonnell Douglass. There is no dispute that Mr. Estevez has pleaded that he is at least 40 years old, that he was a successful employee, and that he was "singled out" for forced retirement where younger individuals were not. The Court finds Sheppard is analogous and controlling. In that case, the Ninth Circuit found that "although brief" a complaint's allegations that Sheppard had received good performance reviews and "five younger comparators kept their job" was sufficient. 694 F.3d at 1049. "Sheppard's allegation . . . gives rise to an 'inference of age discrimination' because it plausibly suggests that" her employer "'had a continuing need for [Sheppard's] skills and services [because her] various duties were still being performed.'" Id. (quoting Diaz, 521 F.3d at 1207) (alterations original). Further, even if Mr. Estevez had fallen below the McDonnell Douglass standard, the Court finds that Mr. Estevez nevertheless has pleaded sufficient facts to give Administrator Power fair notice of his claim. Swierkiewicz, 534 U.S. at 512; see also id. at 514 ("The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.").

**C.  Counts III-VI: Violations of the RA**

Finally, Mr. Estevez brings four claims under §§ 501 and 504 of the RA. Administrator Power argues that Mr. Estevez failed to plead that he has completed the requisite exhaustion of his administrative remedies. Mr. Estevez argues he received a final agency decision in his administrative proceeding granting him leave to file the instant case.

The RA "makes it unlawful for an agency of the United States to discriminate against an applicant for employment solely on the basis of that applicant's disability." Leorna v. United States Dep't of State, 105 P.3d 548, 550 (9th Cir. 1997) (citing 29 U.S.C. § 794; 22 C.F.R. § 144.140). Whether brought under §§ 501 or 504, to preserve the right to bring such a suit in federal court, a federal employee plaintiff must first exhaust their administrative remedies by filing an administrative claim of discrimination in line with the procedures of the allegedly offending agency. See Brown v. General Servs. Admin., 425 U.S. 820, 832 (1976); Boyd v. United States Postal Service, 752 F.2d 410, 413 (9th Cir. 1985); Vinieratos v. United States Air

1   <u>Force</u>, 939 F.2d 762, 771 (9th Cir. 1991).[4] The multi-step administrative process is as follows:

> "[T]he aggrieved federal employee must first attempt to resolve the matter by filing an informal complaint[.] If an informal resolution is not achieved, the employee must then file a formal complaint[.] The employee may file a civil action in federal district court within 90 days of receiving notice of final agency action on the employee's formal complaint by the ALJ, or after 180 days from the filing of the complaint if no final action has been taken by that time."

<u>Bullock v. Berrien</u>, 688 F.3d 613, 616 (9th Cir. 2012) (internal citations omitted). The Ninth Circuit has been clear: the administrative process must be "pursued" with "diligence and in good faith." <u>Vinieratos</u>, 939 F.2d at 771. "A plaintiff may not cut short the administrative process prior to its final disposition, for upon abandonment a claimant fails to exhaust administrative relief and may not thereafter seek redress from the courts." <u>Greenlaw v. Garrett</u>, 59 F.3d 994, 997 (9th Cir. 1995). Courts must enforce this requirement. <u>Fort Bend Cty.</u>, 587 U.S. at 551.

The Court now reviews the relevant factual matter. The FAC states that "Mr. Estevez exhausted all administrative remedies [and] opted to file directly with the Federal District Court given the ADA component of Mr. Estevez's allegations." Beyond the complaint itself, a court may consider documents attached to the complaint without converting a motion to dismiss into a motion for summary judgment. <u>Outdoor Media Grp., Inc. v. City of Beaumont</u>, 506 F.3d 895, 899-900 (9th Cir. 2007). Attached to the First Amended Complaint is Exhibit 1, the Final Agency Decision ("FAD"). The FAD states the following salient facts:

---

[4] The FAC also presents Mr. Estevez's § 504 claims as partially in the alternative. Section 504 protects a qualified individual with a disability from "solely by reason of [their] disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance[.]" 29 U.S.C. § 794. Mr. Estevez's theory is premised on the Court finding he was not an employee of USAID but, somehow, that he was also denied the benefits of his employment contract. Rule of Civil Procedure 8(d)(2) permits pleading in the alternative if "any one of them is sufficient." As discussed above, Mr. Estevez's § 501 claims must be dismissed for want of subject matter jurisdiction. Without support of another viable claim, Mr. Estevez's § 504 claims must independently survive dismissal, Fed. R. Civ. P. 8(d)(2), but the Court finds that the same fatal flaw applies. The Ninth Circuit has explained that federal employees should not be permitted to avoid the exhaustion requirement of § 501 by bringing their claims as private individuals under § 504. <u>Boyd v. United States Postal Service</u>, 752 F.2d 410, 413 (9th Cir. 1985). Further, there are no pleadings to support any theory that Mr. Estevez was simultaneously not an employee but benefiting from an employment contract. For these reasons, the Court will maintain its analysis of the § 501 and § 504 claims together.

1. On March 11, 2023, Mr. Estevez informed the USAID investigator that he would not participate in the agency investigation and that he intended on filing claims in the federal district court.
2. Because (a) the claims the agency was investigating were "duplicated in a complaint currently pending before a United States District Court Judge in the District court for the District of Nevada (Case No. 2:2023cv00846)" and (b) the complaint that initiated their investigation had been pending for 180 days, USAID determined it was obliged under 29 C.F.R. § 1614.107(a)(3) to dismiss the complaint and cease its investigation of the matter.
3. The FAD was issued on August 29, 2023.

Attached as Exhibit 2 is a letter from Mr. Estevez's counsel to the U.S. Equal Employment Opportunity Commission ("EEOC"). That letter states that he had filed the original Complaint in this action and "since [that] complaint involves age discrimination, we are informing the EEOC . . . that Mr. Estevez will bypass the formal EEOC complaint and file a law suit [sic.] in federal court[.]" The Court also finds from the record that the original Complaint in this action was filed several months before the FAD was issued.

From the above, the Court finds it clear from the pleadings and attachments that Mr. Estevez has neither completed the EEOC process before filing the original Complaint nor did he participate with diligence and good faith while in that process. Mr. Estevez conclusory pleads that exhaustion was waived because his ADEA claim was cleared to file in federal court before his ADEA claim. Mr. Estevez has provided no points or authorities to support such a contention. Indeed, he cannot. While an employee who may file an ADEA suit without pursuing administrative remedies, it is a "requirement" for federal employees to exhaust. Bankston v. White, 345 F.3d 768, 770 (9th Cir. 2003); Boyd, 752 F.2d at 412. The Court is bound to enforce the "mandatory" exhaustion rule and dismiss these claims. Fort Bend Cty., 587 U.S. at 552.

**D. Leave to Amend**

Mr. Estevez's request to amend is denied as amendment would be futile, in light of the intractable issues identified above. Carrico v. City & Cnty. of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011).

///

///

1

2

**V.      CONCLUSION**

3

For the foregoing reasons, **IT IS ORDERED** that the Motion to Dismiss (ECF No. 21) of Defendant Samantha Power is **GRANTED in part**. Counts I, III, IV, V, and VI are **DISMISSED.** The motion is **DENIED in part**, as regards Count II.

4

5

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 18) filed by Defendants Jason M. Frierson, Merrick Garland, Katherine Kaetzer-Hodson, Samantha Power, United States Department of State is **DENIED** as mooted.

6

7

8

9

10

**DATED:** September 30, 2024.

11

12

13

_____

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28